Taliaferro, J.
The plaintiffs allege that in the year 1865, at Shelby-■Ville, in Texas, the defendant Moore, by falsely and fraudulently *437 representing himself to be an agent of the United States Government, took forcible possession of twelve bales of the property of plaintiffs in possession of their agent, one Hanks, and, by the aid of the other defendants, caused the cotton so taken to be carried to the Parish of Caddo, in this State, where defendants sold it and converted the proceeds to their own use. They claim the cotton or its value, estimated by them at three thousand dollars ; five hundred dollars damages in' trouble and expense, and one thousand dollars as vindictive damages for the wrongful acts of the defendants. They pray judgment accordingly. The defendants severed in their answers. Moore admits that as government agent he seized some cotton in the hands of Hanks, but almost immediately discovered his error, and returned it to him. The defendant, Jasper MeMillen, says he purchased a number of bales of cotton, (eleven bales more or less to the best of his recollection,) from Hanks, for which he paid him, in good faith. The other defendant, Marion MeMillen, put in a general denial.
The plaintiffs had judgment in their favor for $2,185, with 5 per cent, interest from 2d day of December, 1865. From this judgment the defendants have appealed.
We find a bill of exception taken to the admission of certain testimony, but as it is not important in the decision of the case to examine it, we pass it over.
There is great discrepancy in the evidence adduced. The testimony on the part of the defence, we think sufficiently makes good the allegation in Moore’s answer, that he released the cotton after having seized it. One witness on the part of the plaintiffs, says that Hanks demanded the cotton after it was seized, but that his demand was rejected. Two witnesses swear that it was released as soon as it was discovered that it was not government cotton. Two witnessses testify to the removal of cotton, and one of them, that if it were returned he was not aware of it.
Two witnesses swear that Jasper MeMillen purchased the cotton from Hanks, and a third, that Hanks told him he had sold the cotton to McMillan. One of these witnesses says that Hanks was paid for the cotton in gold at $40 per bale.
It is stated by one or more of the witnesses that if there were any thing said about a sale, they heard nothing of it. This is insufficient to rebut the positive evidence that there was a sale. It is shown that there was much excitement at the time in Shelbyville, and a strong disposition manifested by the citizens of the place to forcibly resist the removal of the cotton, as it was private property. This fact would appear to add some weight to the statement of witnesses, that the cotton was purchased;One of the plaintiff’s witnesses says “he does not think Moore professed to be after any private cotton, but only after government cotton.” Upon a scrutiny of the whole of the evidence, we incline to think the' preponderance is in favor of the defendants, and come to a different conclusion from that of the Court below.
It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed, and that judgment be rendered in favor of defendants, the plaintiffs and appellees paying costs in both Courts.